UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| ROBERT BUIE, | : | |
|     Plaintiff, | : | No. 3:18-cv-2018(AWT) |
| | : | |
|     v. | : | |
| | : | |
| MULLIGAN, | : | |
|     Defendant. | : | |
| | : | |

## ORDER

On December 10, 2018, the petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254. (Doc. #1). On June 18, 2019, in response to the order to show cause (Doc. #15), the respondent filed a motion to dismiss the petition. (Doc. #20). A notice dated June 18, 2019 was sent to petitioner as required by Local Rule 12(a).(Doc. #22). The petitioner's response to the motion to dismiss was due on July 9, 2019. The petitioner has filed neither a response to the motion to dismiss nor a motion for extension of time. The petitioner has stated four grounds for relief that each assert ineffective assistance of habeas counsel in a collateral state habeas corpus proceeding. However, there is no constitutional right to counsel in state or federal collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Thus, a petitioner cannot claim

constitutionally ineffective assistance of counsel in state or federal collateral proceedings. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Accordingly, upon review of the petition and the motion to dismiss, the motion to dismiss (Doc. #20) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Signed this 1st day of November 2019 at Hartford, Connecticut.

_____ /s/AWT _____
Alvin W. Thompson
United States District Judge